IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHITTHAYAPHON CHERDCHAWEEBUSABA,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 1:24-cv-00173-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

This matter is presently before the Court on a Motion to Dismiss ("Motion")[1] filed by Defendants United States Department of State, United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), United States Citizenship and Immigration Service Center, L. Miller, Marco Rubio,[2] Kristi Noem, Joseph B. Edlow, and Pamela Bondi.  The Motion is fully briefed.[3]  The Court did not hear oral argument. For the reasons set forth below, the Court grants Defendants' Motion.

## FACTUAL BACKGROUND

The following factual background is taken from the Complaint.[4]  Plaintiff Phitthayaphon Cherdchaweebusaba ("Cherdchaweebusaba"),[5] a citizen of Thailand, came to the United States

---

[1] ECF No. 24.

[2] When a public officer is sued in their official capacity and leaves office, their successors are automatically substituted as parties.  *See* Fed. R. Civ. P. 25(d).

[3] *See* ECF Nos. 45 & 48.

[4] ECF No. 4.  Although Plaintiffs amended their complaint, they did not indicate the amendment in the caption of the document.  Accordingly, the Court will refer to the document appearing in entry four of the Court's docket as the "Complaint."

[5] Defendants raise a question about the spelling of Plaintiff's name.  *See* ECF No. 24 at 1 n.2. The Court will continue to use the spelling indicated on the docket.  Plaintiffs should ensure the spellings of the parties' names on the Court's docket is correct.

in 2017 on a B2 tourist visa.[6]  While physically present in the United States, and prior to expiration of his tourist visa, Cherdchaweebusaba sought and obtained a change of status from tourist to religious worker (under an R-1 visa) by filing Form I-129, Petition for Nonimmigrant Worker.[7]  After the Form I-129 was approved, Plaintiff Wat Dhammagunaram Temple of Utah filed a Form I-360, Petition for Special Immigrant Worker, and a Form I-485, Application to Register Permanent Residence or Adjust Status.[8]  The Form I-485 Application was denied on August 23, 2023.[9]  Cherdchaweebusaba appealed this denial using Form I-290B,[10] which was denied in approximately October 2023.[11]  Cherdchaweebusaba filed a second Form I-290B on November 24, 2023, which was denied on two grounds: (1) untimely filing, and (2) Cherdchaweebusaba performed religious work that constituted "employment" without USCIS's permission.[12]

In this case, Plaintiffs ask the Court to "[a]ssume jurisdiction over this matter" and to "[o]rder Defendants to re-open, re-adjudicate, and approve Cherdchaweebusa[b]a's applications pertaining to his status as a lawful permanent resident."[13]

---

[6] Compl. ¶¶ 1, 8.

[7] *Id.* ¶ 2; *see* 8 U.S.C. § 1101(a)(15)(R).

[8] Compl. ¶ 3.  Form I-485 is "commonly known as a 'green card' application." *Chaudhari v. Mayorkas*, No. 2:22cv47, 2023 WL 1822000, at *1 (D. Utah Feb. 8, 2023).

[9] *Id.*

[10] This form is used to file appeals and motions to reopen or reconsider. *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1281 (10th Cir. 2018) (J. Tymkovich concurring) (citing 8 C.F.R. § 103.3 & 103.5).

[11] *See* Compl. ¶¶ 4–5 (indicating the Form I-290B was filed on September 22, 2023, "subsequently rejected" and a second Form I-290B was filed on November 24, 2023).

[12] *Id.* ¶ 5 (citing *Matter of Hall*, 18 I. & N. Dec. 203, 203 (BIA 1982)).  A subsequent I-290B filed with USCIS's Administrative Appeals Office was denied on jurisdictional grounds. *Id.* ¶ 6.

[13] *Id.* at 16.  Plaintiffs also seek to recover costs and attorney fees under the Equal Access to Justice Act and "further relief as the Court deems just and proper."

## DISCUSSION

The Court grants Defendants' Motion because Plaintiffs fail to establish this Court has jurisdiction over their claims.  Under Federal Rule of Civil Procedure 12(b)(1), a party may raise a challenge to the Court's subject-matter jurisdiction, its very "power to hear a case," by motion.  *Knellinger v. Young*, 134 F.4th 1034, 1041 (10th Cir. 2025).  "The party seeking the court's jurisdiction bears the burden of showing it exists."  *Mukantagara v. Noem*, 164 F.4th 765, 769 (10th Cir. 2026).  In reviewing a motion that makes a facial attack on the complaint's allegations, as Defendants' Motion does,[14]  the Court accepts the allegations in the complaint as true.  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

**I.      The Court grants Defendants' Motion because they have shown this Court lacks jurisdiction over Plaintiffs' claims and Plaintiffs' response offers no adequate basis for the Court's jurisdiction**

Defendants contend that 8 U.S.C. § 1252(a)(2)(B) precludes the Court from exercising jurisdiction to review of USCIS's determination to deny an application for adjustment of status.  Defendants argue the statute expressly prohibits both (1) review of decisions regarding adjustment of status under § 1255, and (2) review of discretionary decisions of the Attorney General and the Secretary of Homeland Security, which includes the decisions made in denying the petitions to adjust Cherdchaweebusaba's status at issue here.[15]

---

[14] A party may also make a factual attack, by going beyond the allegations of a complaint and challenging the facts underlying jurisdiction with contrary evidence, which the Court may consider without converting the motion to a Rule 56 motion.  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).  On the other hand, a district court must "convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."  *Knellinger v. Young*, 134 F.4th 1034, 1041 (10th Cir. 2025).

[15] Mot. at 9–13.

As Defendants point out, the statute expressly precludes this Court from reviewing Defendants' determination to grant or deny any application for adjustment of status under § 1255 and also prohibits review of many discretionary decisions:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
>     **(i)** any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
>     **(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Accordingly, Defendants contend this Court lacks jurisdiction to hear Plaintiffs' claims, which all seek to overturn Defendants' denial of Cherdchaweebusaba's applications to adjust his status.[16]

In response, Plaintiffs do not suggest that any of the decisions they seek to challenge were made outside the context of seeking an adjustment of status covered by § 1255[17] or that those decisions involved nondiscretionary determinations. Instead, Plaintiffs contend that 8 U.S.C § 1252(a)(2)(B) "does not preclude review of constitutional claims or those alleging violations of federal statutes . . . ."[18] Although Plaintiffs do not cite any statutory provision

---

[16] Mot. at 13.

[17] Plaintiffs' prayer for relief suggests they exclusively challenge Defendants' denial of Cherdchaweebusaba's applications to adjust status because the only substantive relief sought is an order requiring "Defendants to re-open, re-adjudicate, and approve Cherdchaweebusa[b]a's applications pertaining to his status as a lawful permanent resident." Compl. at 16.

[18] Pls.' Opp. at 6.

expressly, they cite cases considering a statutory exception that allows "review of constitutional claims or questions of law filed with an appropriate court of appeals . . . ." 8 U.S.C. § 1252(a)(2)(D). This provision does not avail Plaintiffs here because, as the statutory language makes plain, it applies only to challenges brought in an appropriate court of appeals; not challenges in a district court. Any potential doubt about the statutory language was resolved by the Tenth Circuit in *Green v. Napolitano*, 627 F.3d 1341 (10th Cir. 2010). The *Green* court expressly held that "§ 1252(a)(2)(D) does not apply in the district courts." *Id.* at 1347. Rather, challenges pursuant to the exception in § 1252(a)(2)(D)[19] "must be filed in the appropriate circuit court, not a district court." *Id.* (emphasis added). Consequently, § 1252(a)(2)(D) offers no basis upon which this Court–a district court–might assert jurisdiction over Plaintiffs' claims.[20] Accordingly, and because this is the only assertion Plaintiffs make in favor of the Court's

---

[19] It is also worth noting that "§ 1252(a)(2)(D) allows judicial review over constitutional and legal challenges only when raised on appeal of a final order of removal. . . ." *Id.* at 1346 (emphasis added). Plaintiffs identify no such final order here.

[20] Notably, the cases Plaintiffs cite all suggest this Court lacks the power to review Defendants' denial of Plaintiffs applications to adjust Cherdchaweebusaba's status. *See Patel v. Garland,* 596 U.S. 328, 338 (2022) (holding § 1252(a)(2)(B)(i) "prohibits review of any judgment regarding the granting of relief under § 1255 and the other enumerated provisions"); *Abuzeid v. Mayorkas*, 62 F.4th 578, 586 (D.C. Cir. 2023) ("The district court correctly dismissed appellants' case for lack of subject-matter jurisdiction . . . [because] [b]ased on the plain meaning of § 1252(a)(2)(B)(i), and the reasoning of *Patel v. Garland* . . . , USCIS's decision to deny [plaintiff]'s application for adjustment of status is unreviewable by a federal district court."); *Chaudhari v. Mayorkas*, No. 222CV47, 2023 WL 1822000, at *8 (D. Utah Feb. 8, 2023) ("As discussed, subparagraph (D) permits judicial review of certain legal issues that are (1) directly filed with the "appropriate court of appeals" and (2) "upon a petition for review" of a final order of removal.")

jurisdiction, Plaintiffs have not sustained their burden to demonstrate the Court has jurisdiction over Plaintiffs' claims and the Court must dismiss the Complaint for lack of jurisdiction.[21]

Based on the foregoing, the Court grants Defendants' Motion and dismisses the Complaint without prejudice. Given Plaintiffs' arguments all appear to rest on the mistaken assumption that § 1252(a)(2)(D) affords jurisdiction over their claims, it is not clear whether Plaintiffs believe they can amend their Complaint to state a viable claim within the Court's jurisdiction. In an abundance of caution, the Court will delay entering judgment for twenty days to allow Plaintiffs an opportunity to move to amend if they so choose.

## ORDER

Having considered the parties' briefs, the allegations in the Complaint, and the relevant law, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 24). The Complaint is dismissed without prejudice. Plaintiffs may file a motion to amend their complaint within 20 days of this Order if they believe they have sufficient facts that might allow them to allege a claim within this Court's jurisdiction. If Plaintiffs do not file a motion within that timeframe, the court will enter a judgment of dismissal without further notice.

Dated this 13th day of February 2026.    By the Court:

Ann Marie McIff Allen
United States District Judge

---

[21] Given Plaintiffs have not shown the Court has jurisdiction over any of their claims, the Court does not reach the merits of those claims, including Defendants' arguments that Plaintiffs have failed to adequately plead their claims.